SPECTOR, Judge.
This is a direct appeal from a judgment of conviction and life sentence imposed on an indictment for first degree murder. Trial was before a jury which returned its guilty verdict together with a recommendation of mercy for the defendant. Appellant was ably represented by the Public Defender at all critical stages of the case.
The ground urged for reversal by appellant is that the trial judge erroneously permitted into evidence certain confessions which appellant contends were not voluntarily given because of the circumstances surrounding the giving of said confession or statements against interest.
There were two eye witnesses present when appellant entered his victim’s office with a pistol in each hand and, without saying a word, fired three shots into the victim before he fell to the floor. Three or four more shots were emptied into the body as it lay on the floor. Eight witnesses, seven of whom were called by the defense, including appellant’s son, testified to conversation with appellant on past occasions during which appellant told them of his intension to kill the victim. The reason— the victim’s failure and refusal to pay a just and long overdue debt of $2000 owed to the appellant. Mr. Rolison’s disappointment and then anger over the victim’s failure to repay the short-term loan from his meager savings turned into a sort of fury that culminated in the debtor’s death.
After the shooting, appellant was arrested without resistance and placed in a police squad car with a wire compartment or cage in the rear and driven back near the scene of homicide. There he voluntarily told a police captain, after having been warned that anything said could be held against him, about what had happened and why. The restatement of this conversation by the captain as evidence constitutes the alleged error because it is urged at the time of the conversation the appellant was nervous, in a rage, over seventy years of age, uneducated and harassed by his inability to collect his debt. Appellant cites as authority for his contention that his confession was inadmissible, Reddish v. State, Fla., 167 So.2d 858, and Dawson v. State, Fla., 139 So.2d 408. We have examined the Reddish and Dawson cases, but find nothing stated in either case that would make the confession here inadmissible for involuntariness. On the contrary, the evidence is more than clear that Mr. Rolison’s recitation made to the police captain was fully voluntary and thus admissible.
As was observed by Mr. Justice Thornal’s concurring opinion in Dawson, supra, at page 417;
“After a comprehensive analysis of the totality of the circumstances we fail to find here present evidence of coercive or compulsive pressures sufficient to depress Dawson into a state of irresistible mental submissiveness which had destroyed his volition when he confessed this heinous crime. * * * ”
The trial judge correctly considered all of the circumstances surrounding the giving of the confession to be heard by the jury. Thereafter, it was admitted into evidence for consideration by the jury to determine the credence which should be attached to the confession in the manner recently approved by this Court in Myrick v. State, 177 So.2d 845, cert, denied, Fla., 188 So.2d 807.
Examination of the record before us and consideration of the briefs submitted fail to reflect reversible error, and the judgment and sentence appealed are therefore affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.